NO.  PD-0347-15

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 04 2015

Abel Acosta, Clerk

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

MICHAEL WAYNE BOHANNAN

v.

THE STATE OF TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

MAY 04 2015

Abel Acosta, Clerk.

From Appeal No. 09-13-00090-CR

TRIAL CAUSE NO. 12-10-10953-CR

Montgomery County

denied
AC
5-18-15

PETITIONER'S MOTION TO SUPPLEMENT THE APPELLATE RECORD

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, Petitioner Bohannan, pro se, and moves the Court
for an order to the trial court clerk to supplement the appellate
record.  In support thereof, would show the following:

### HISTORY

On November 21, 2013, the appellate court declined to
consider Bohannan's pro se Motion to Intervene and informed him
the court would not even consider his pro se submissions while
he was being represented by imposed counsel.  On October 29, 2014,
the appellate court handed down its Memorandum Opinion, and
imposed counsel notified Bohannan of same on November 4, 2014.
By November 17, 2014 letter, counsel informed Bohannan that his
imposition had ceased in the appeal.  By letters dated December

5, 2014, Bohannan requested the trial court clerk and court reporter supplement the appellate record, detailing the items needed to be included in those supplements, so the court would have an accurate and complete record for review when it considered Bohannan's rehearing request. Bohannan forwarded copies of those letters to the appellate court clerk, on December 5th, as well.

On December 11, 2014, under the prison mailbox rule, Bohannan filed his motion for rehearing, wherein he noted the attempts he was making to have the appellate record supplemented.

On December 22, 2014, having received no response from either the trial court clerk or reporter, Bohannan wrote them again, providing them a second copy of his original December 5th request.

On January 8, 2015, the appellate court overruled Bohannan's rehearing motion.

By letter of January 12, 2015, the reporter informed Bohannan there was no hearing on the date he had requested a transcript for. Realizing he had made a typographical error, Bohannan wrote the reporter back on January 16, 2015, informing her of the correct date.

On February 3, 2015, Bohannan again wrote the trial court clerk requesting the supplemental clerk's record be filed.

On February 7, 2015, Bohannan recevied a letter from the reporter informing Bohannan she had "been out of the country"

but would prepare and file the requested supplemental reporter's record.

On February 13, 2015, under the prison mailbox rule, Bohannan filed his Rule 34.5(c)(1) motion to supplement the appellate record in the appellate court.

On February 20, 2015, without ruling on Bohannan's motion to supplement, the appellate court overruled Bohannan's motion for rehearing en banc. Later that same day, the appellate clerk filed the supplemental reporter's record.

As of the date of this motion, the trial court clerk has continued to refuse to produce the supplemental clerk's record.

### ARGUMENT

Bohannan has repeatedly requested the trial court clerk supplement the appellate record, pursuant to Fed.R.App.Proc. 34.5(c)(1), detailing the limited records needed. Despite those requests, the clerk has refused to do so. As such, Bohannan is forced to have to move this Court to order production of the withheld records.

Bohannan has been very careful to limit his supplemental requests to only those withheld records relevant to the issues before the Court.

### I

Bohannan has raised claims involving his being denied the right of self-representation, by the trial court, and that court's refusal to rule on his pro se motions.

The appellate court relied upon an October 2, 2012 letter from Bohannan to the trial court, with a stamped October 30, 2012 file date upon it, in denying Bohannan's claims. Opinion @ 14; CR 14-19.

Bohannan requested the following records from the trial court clerk:

1) Criminal Notes from Cause No. 11-04-04462-CR;
2) Criminal Notes from Cause No. 12-10-10953-CR;
3) letter and cover sheet to clerk filed on October 9, 2012, in Cause No. 11-04-04462-CR; and
4) letter filed by the trial court on October 30, 2012 in Cause No. 11-04-04462-CR.

These records prove that the record the appellate court relied upon to deny Bohannan's claims was (1) filed in a cause that was not before the court on appeal and (2) that the letter had been fraudulently altered by someone in the trial court clerk's office.

II

Bohannan has raised claims involving his being denied the right of self-representation in this appeal by Judge Seiler's March 20. 2014 refusal to allow imposed appellate counsel to withdraw from this appeal. The appellate court did not address Bohannan's timely appeal of that March 20th Order.

Bohannan requested the following records from the trial court clerk:

1) March 12, 2014 Motion To Withdraw;
2) March 20, 2014 Order denying Motion To Withdraw;
3) Trial court's notice/certification of Bohannan's right to appeal the March 20, 2014 Order;

4) April 18, 2014 Notice of Appeal (filed on April 24th); and

5) June 5, 2014 letter to Susie Herman, Clerk, inquiring about the status of the appeal of the March 20th Order.

These records prove the trial court denied Bohannan's request to represent himself in this appeal, after imposed counsel informed that court that Bohannan had asserted that right; and they will show that Bohannan timely appealed that denial. The records will show that the trial court failed to notify the appellate court of that appeal and/or that the appellate court failed to rule on Bohannan's appeal of that denial.

### CONCLUSION

The trial court clerk's refusal to produce the requested supplemental records have, and will continue to, result in the appellate courts making their determinations on an incomplete and fraudulently altered record.

WHEREFORE, PREMISES CONSIDERED, Bohannan prays this Honorable Court grant this motion and order the trial court clerk to promptly supplement the appellate record with those records requested in Bohannan's December 5, 2014 letter, and that this Court delay consideration of Bohannan's request for PDR until that supplemental record has been obtained and considered.

Respectfully submitted,

- 5 -

Michael W. Bohannan #1841746
9601 Spur 591
Amarillo, Texas 79107-9606
806-381-7080

## UNSWORN DECLARATION

I, Michael Bohannan, being presently imprisoned in Potter County, Texas, and under penalty of perjury, do hereby affirm that the foregoing facts are true and correct.

on this the _27th_ day of _April_ , 2015.

_____
Petitioner/Affiant

## CERTIFICATE OF MAILING AND SERVICE

I, Michael Bohannan, being presently imprisoned in Potter County, Texas, and under penalty of perjury, do hereby affirm that I have delivered a copy of this motion, to a TDCJ official, first-class postage prepaid, for mailing to:

Clerk of the Court
Texas Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, Texas 78711-2308

William Delmore, Asst. Dist. Att'y
207 W. Phillips Street
Conroe, Texas 77301

- 6 -

State Prosecuting Attorney
P.O. Box 12405, Capitol Station
Austin, Texas  78 711-2405


on this the _27th_ day of _April_____, 2015.


_____
Petitioner/Affiant